

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4081
Re: Commissioners' Court of Johnson County are not entitled to any traveling expenses.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Acts of 47th Legislature, 47th Session, H. B. No. 436, is an act allowing or attempting to allow Commissioners expense accounts one of which brackets cover Johnson County. I realize this act in violation of the constitution. However, the Commissioners have heretofore been using pick-ups for their business operations which is also a violation of the law but for which there is no penalty. August 11, 1941, Vol. 13, page 100, Commissioners Court Minutes of Johnson County is recorded: 'Upon motion of Commissioner Elliott, seconded by Commissioner Hadley, it was ordered by the Court that as an emergency exists, that the budget be amended and that each Commissioner be allowed not more than $50.00 a month beginning July 1, 1941, for traveling expenses. The same is to be paid on bills approved by the Commissioners' Court.'

"In compliance with this order three of the Commissioners are using their own modes of transportation and one is still using his pick-up. Is it permissible for the Commissioners to split and operate after this fashion? Or, shall they all adopt the same procedure?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED

Section 1, H. B. No. 436, 47th Legislature of Texas, reads as follows:

"In any county in this State containing a population of not less than thirty thousand, three hundred and sixty (30,360) nor more than thirty thousand, four hundred (30,400), according to the last preceding Federal Census, the Commissioners Court is hereby authorized to allow each Commissioner not more than the sum of Fifty Dollars ($50) per month, to be paid out of the Road and Bridge Fund of each respective Commissioner's Precinct, for traveling expenses and depreciation on the automobile while used on official business only and/or in overseeing the construction and maintenance of the public roads of said counties. Each such Commissioner shall pay all expenses in the operation of such automobile and keep same in repair at his own expense, free of any other charge whatsoever to the county; provided, however, that such expenses not to exceed Fifty Dollars ($50) per month must be itemized, sworn to, and filed for record with the County Clerk."

The population of Johnson County, Texas, according to the 1940 Federal Census was 30,384 inhabitants. Johnson County is the only county in Texas coming with the population brackets set out in the above quoted section.

Section 1 of H. B. 436, supra, is clearly unconstitutional. It is a local or special law attempting to regulate the affairs of a county where a general law could be made applicable. We enclose herewith for your information copies of opinions Numbers O-1955 and O-3273, which hold similar acts unconstitutional.

It is our opinion that the County Commissioners of Johnson County are not entitled to receive any traveling expenses whatever from the county. Their method of transportation therefore becomes immaterial.

It is further opinion of this department that you, as County Auditor of Johnson County, have no authority to and should not approve warrants for such traveling expenses.

Honorable E. L. Shelton, page 3

        We also invite your attention to the provision
found in both Articles 1928 and 2340, Vernon's Annotated Texas
Civil Statutes, which must be incorporated in the official
bond of a county judge or county commissioner and is as fol-
lows:

        ". . . Will not vote or give his consent
    to pay out county funds except for lawful pur-
    poses."

                            Very truly yours

                        ATTORNEY GENERAL OF TEXAS


                    By              /signed/
                                Wm. J. Fanning
                                    Assistant

WJF:AMH

ENCLOSURES


APPROVED OCT 16, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL


APPROVED OPINION COMMITTEE
By: /s/ B. W. B., Chairman